UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jiangbo Zhou, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:20-cv-00018 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| The Lincoln Electric Co., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendant The Lincoln Electric Company's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 9). Plaintiffs have filed an "objection" (Doc. 15), to which Defendant has replied (Doc. 18). For the reasons that follow, Defendant's Motion will be GRANTED.

**I. BACKGROUND[1]**

Plaintiffs Jiangbo Zhou and Yinu Wang, husband and wife, bring their Complaint under federal diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1 ¶¶ 1, 2, 5).

On January 11, 2018, Zhou was working as a welder at Senesco Marine, LLC, located in North Kingstown, Rhode Island. (*Id.* ¶ 7). Specifically, he was welding frames and brackets for structural support in a ship's void tank when an explosion

---

[1] Defendant's Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of deciding it, therefore, and except as qualified *infra*, the Court accepts as true the factual allegations made by Plaintiffs in their Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

occurred.  (*Id.* ¶¶ 8, 9).  Zhou was transported to a hospital, where he was diagnosed with bone fractures and burns to 40% of his body.  (*Id.* ¶ 24).

At the time of the explosion, Zhou was using a welding torch "designed, built, assembled, tested, manufactured, advertised, distributed and sold" by Defendant J.W. Harris Co., Inc., d/b/a The Harris Products Group.  (*Id.* ¶¶ 3, 8).  The cause of the explosion was a "flashback" that occurred inside the welding torch.  (*Id.* ¶ 12).  A flashback occurs when a flame is propogated back into the torch and ignites the fuel source, resulting in an explosion.  (*Id.*).  Flashbacks are a known hazard of welding torches.  (*Id.* ¶ 18).  The "well-known and proven" way to prevent flashbacks is by the use of a flashback "arrestor."  (*Id.*).  A flashback arrestor prevents a flame from reaching the fuel source and causing an explosion.  (*Id.* ¶ 13).

Defendant Harris Products' welding torch was "designed, manufactured and sold" without a flashback arrestor.  (*Id.*).  Rather, it was "designed, manufactured and sold" with only a "Flash Guard" 88-6CVTL reverse flow check valve, which was not capable of suppressing a flashback flame from reaching the fuel source.  (*Id.* ¶¶ 20, 21).

Harris Products "designs, manufactures and sells" flashback arrestors at an additional cost, however.  (*Id.* ¶ 15).  Harris Products states on its website that flashback arrestors "are used to prevent damage to equipment, but more importantly to prevent personal injury."  (*Id.* ¶ 19).  Harris Products states in its online catalog that flashback arrestors "are an important product in making the operator and industry a much safer workplace."  (*Id.* ¶ 16).

Plaintiffs' filed an eight-count Complaint against two Defendants, Harris Products and The Lincoln Electric Company. Counts One through Four are against Defendant Harris Products alleging, with regard to the welding torch: (1) defective design (Ohio Rev. Code § 2307.75); (2) defective manufacturing (Ohio Rev. Code § 2307.74); (3) inadequate warning or instruction (Ohio Rev. Code § 2307.76); and (4) misrepresentation (Ohio Rev. Code § 2307.77). (Doc. 1 ¶¶ 28–77). Plaintiff Wang, as spouse, claims loss of consortium as to all counts. (*Id.*). Counts Five through Eight are against Defendant Lincoln Electric and mirror Counts One through Four. (*See id.* ¶¶ 78–128). Plaintiffs attach to their Complaint (as Exhibit 1) two documents: a purchase order dated 03/03/2015 from Senesco Marine LLC (Zhou's employer) addressed to Total Welding Supply, Inc. and an invoice dated March 5, 2015 from Total Welding Supply referencing Senesco's purchase order. All parts listed begin with the prefix "HAR" followed by a number.

Harris Products timely filed an answer to Plaintiff's Complaint. (*See* Doc. 11). Lincoln Electric, however, has filed a Motion to Dismiss all four claims asserted against it. This matter is fully briefed and ripe for review.

II. **LEGAL STANDARD**

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on

3

its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

### III.   ANALYSIS

The original premise of Lincoln Electric's Motion argued that, from the face of the Complaint, Plaintiffs are suing for injuries Zhou sustained while using Harris Products' (and not Lincoln Electric's) welding torch. (Doc. 9 at PageID 46–47). Lincoln Electric was sued because Plaintiffs claim, mistakenly, that Lincoln Electric is Harris Products' "parent" company. (*Id.* at PageID 46–48). Regardless, under Ohio law, parent companies can be held liable for the torts of their subsidiaries *only* if there is a basis for piercing the corporate veil, which Plaintiffs have failed to allege. (*Id.* at PageID 49–50 (citing *Flowers v. Oglebay Norton Co.*, No. 1:09CV697, 2009 WL 10689432, at *2 (N.D. Ohio Nov. 17, 2009)). Thus, Plaintiffs' allegations against Lincoln Electric fail to state a claim upon which relief can be granted.

Lincoln Electric misstates the allegations in their Complaint, according to Plaintiffs. (Doc. 15 at PageID 82). They refer the Court to paragraph 4 of their Complaint, which states "**Defendant Lincoln Electric** designed, built, assembled, tested, manufactured, advertised, distributed, and sold welding products, including the welding torch at issue in this case that caused catastrophic injury to Plaintiff Jiangbo Zhou." (*Id.* (quoting Doc. 1 ¶ 4) (emphasis added)). Plaintiffs contend that Counts Five

4

through Eight address all the necessary factors under the Ohio Product Liability Act ("OPLA"), and thus they have pled claims for direct—as opposed to derivative—liability against Lincoln Electric. (*Id.* at PageID 82–83 (citing Doc. 1 ¶¶ 78–128)). Plaintiffs also offer to amend their Complaint to properly name Harris Products' parent company, Lincoln Electric Holdings, Inc. (*Id.* at PageID 83).[2]

Lincoln Electric makes three points in its reply. First, Plaintiffs should not be allowed to amend their Complaint to substitute Lincoln Electric Holdings, Inc. as a defendant because any such amendment would be futile. (Doc. 18 at PageID 92). Second, Plaintiffs' claim that Lincoln Electric is the manufacturer of the welding torch and thus they have a direct product liability claim against it are "belied" by the purchase orders attached to the Complaint and to Plaintiffs' brief in opposition. (*Id.* at PageID 91–92). Finally, because it is impossible for Harris Products and Lincoln Electric to both have manufactured the same welding product, the Court is not required, under *Twombly*, to accept as true these inconsistent factual assertions. (*Id.* at PageID 90–91). Lincoln Electric is correct all around.

---

[2] By way of explanation as to why they named "The Lincoln Electric Company" as a defendant, Plaintiffs attach to their brief an invoice dated June 12, 2015 from The Harris Product Group (referencing Senesco's purchase order dated 03/03/2015) that bills to Total Welding and ships to Senesco. The Harris Products' invoice contains this disclaimer at the bottom:

> YOU MUST COMPLY WITH APPLICABLE U.S. EXPORT LAWS WHEN SHIPPING GOODS PURCHASED FROM **THE LINCOLN ELECTRIC COMPANY**.

(Doc. 15-1 at PageID 86 (emphasis added)).

### A. Plaintiffs Will Not Be Allowed to Amend the Complaint to Substitute the Correct Parent Company

As a preliminary matter, Lincoln Electric asks the Court to take judicial notice that it is not the parent company of Harris Products. (Doc. 9 at PageID 46 n.1 (citing Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact this is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") & Fed. R. Evid. 201(c)(2) ("The court must take judicial notice if a party requests it and the court is supplied with the necessary information.")). Rather, it explains that Lincoln Electric Holdings, Inc. is the parent company of Harris Products:

> Lincoln Electric Holdings, Inc. is the parent company of both Harris and Lincoln Electric. Lincoln Electric began operations in 1895. See Lincoln Electric Holdings SEC Form 10-K, Dec. 31, 2018, available at https://ir.lincolnelectric.com/static-files/c50451cb-e9cb-4740-9a13-b40d045b5f05. Lincoln Electric reorganized in 1998 into a holding company structure, and Lincoln Electric Holdings, Inc. became the publicly-held parent of Lincoln Electric. *See id.* Lincoln Electric Holdings, Inc. then acquired Harris in 2005. *See Lincoln Electric Holdings Acquires J. W. Harris*, Jan. 4, 2005, https://mergr.com/lincoln-electric-holdings-acquires-j.w.-harris.

(Doc. 9 at PageID 46 n.1). The Court has reviewed these sources and concludes that their accuracy cannot be reasonably questioned. Accordingly, and observing that Plaintiffs appear to not object, the Court takes judicial notice that the parent company of Defendant The Lincoln Electric Company and Defendant J.W. Harris Co., Inc., d/b/a The Harris Products Group is Lincoln Electric Holdings, Inc. The Court also takes judicial notice that the current defendants, Lincoln Electric and Harris Products, are sister companies.

With these corporate formalities settled, the Court now considers whether Plaintiffs "willingness" to amend their Complaint to substitute the "correct corporate name" should be allowed. The Court concludes it should not, because any such amendment would be futile.

No formal motion to amend has been filed. But were Plaintiffs to file one, "[t]he court should freely give leave when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). A motion to amend may be denied, however, where there is "futility of amendment[.]" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 420 (6th 2000) (citation omitted).

Plaintiffs agree that they allege no factual basis for piercing the corporate veil in the Complaint. Instead, they claim to sue Harris Products' parent—whatever the correct corporate name—for direct product liability under the OPLA. Yet as discussed *infra*, the Court is not required to accept as true inconsistent factual allegations concerning the identity of the manufacturer of the welding torch used by Plaintiff Zhou. Thus, any such amendment could not withstand a Rule 12(b)(6) motion to dismiss.

**B. The Court is Not Required to Accept as True Inconsistent Factual Allegations Concerning the Identity of the Manufacturer of the Welding Torch within this Complaint and in a Related Action**

On a Rule 12(b)(6) motion, a district court "may consider exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the

complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (internal quotation and citation omitted). Thus, the Sixth Circuit has taken a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6). *See Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). The ability of the court to consider supplementary documentation has limits, however, in that it must be "clear that there exist no material disputed issues of fact concerning the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms., Inc.,* 672 F.3d 396, 400 (6th Cir. 2012) (internal quotation and citation omitted).

Before the Court are three documents—all central to Plaintiffs' claims—that purport to trace the purchase of the welding torch used by Plaintiff Zhou[3]: a Senesco purchase order sent to Total Welding Supply, Total Welding Supply's return invoice to Senesco, and a Harris Products' invoice to Total Welding Supply that ships product to Senesco. All parts listed on each document begin with the prefix "HAR" followed by a number. Also before the Court is a complaint filed on February 18, 2020 in the District of Rhode Island, captioned *Zhou, et al. v. Total Welding Supply, Inc.*, No 1:20-cv-00082.[4] In that complaint, which sues over the same welding torch explosion, Plaintiffs allege, "Total Welding designed, built, assembled, tested, manufactured, advertised, distributed and sold **the Harris Products welding torch** (hereafter "welding torch") at

---

[3] (*See* Doc. 1 ¶ 8).
[4] This Court may—and does—take judicial notice of the Rhode Island litigation in resolving the instant motion to dismiss without converting it to one for summary judgment. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

8

issue in this case that caused catastrophic injury to Plaintiff Jiangbo Zhou." (Doc. 18-1, Rhode Island Complaint ¶ 35 (emphasis added)).

In this civil action, Plaintiffs allege identical claims against both Defendants. That is, they allege that *both* Harris Products *and* Lincoln Electric manufactured the welding torch that caused injury to Plaintiff Zhou. *Cf.* (Doc. 1 ¶ 29 (Count One), ¶ 48 (Count Two), ¶ 59 (Count Three), ¶ 71 (Count Four)) *with* (Doc. 1 ¶ 79 (Count Five), ¶ 98 (Count Six), ¶ 109 (Count Seven), ¶ 121 (Count Eight)). Obviously, this is not possible. As Lincoln Electric correctly points out, the Court is not required to accept as true inconsistent factual allegations concerning the identity of the manufacturer. *See Pierce v. Fordham Univ., Inc.*, No. 15-CV-4589, 2016 WL 3093994, at *2 n.1 (S.D.N.Y June 1, 2016) ("It is well established that, where a plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.") (internal quotation marks and citation omitted), *aff'd*, 692 F. App'x 644 (2d Cir. 2017). And on this basis, the Court could dismiss the OPLA claims altogether:

> The inconsistent factual statements of the Omnibus Complaint are not saved by the Federal Rules of Civil Procedure's allowance of alternative pleading. While Rule 8(d)(3) allows inconsistent claims—a plaintiff may, for example, bring claims for both intentional and unintentional torts, even where recovery on both would be impossible—it does not allow what Plaintiffs are attempting to do here—namely, to make "**clashing factual assertions . . . in the context of the same claim**."

*Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994 (S.D. Ohio 2016) (quoting *Nat'l W. Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith*, 175 F. Supp. 2d 489, 492 (S.D.N.Y. 2000) (dismissing fraud claim where plaintiff made contradictory factual allegations as to

knowledge)) (emphasis added). Here, Plaintiffs do not allege alternative theories of recovery, but, rather, "clashing factual assertions" as to which entity is liable under the OPLA for manufacturing the welding torch.

But dismissal of the OPLA claims altogether, that is as to *both* Defendants, is not the relief sought. Harris Products and Lincoln Electric are represented by the same counsel. As noted, Harris Products filed an answer to Plaintiffs' Complaint. Only Lincoln Electric seeks dismissal, pointing out that, in the Rhode Island litigation, Plaintiffs allege that the welding torch is identified as a "Harris Products welding torch." This allegation, read in connection with the purchase orders and invoices attached to the Complaint and the memoranda filed in connection with the instant Motion, allows the plausible inference that Harris Products, and not Lincoln Electric, manufactured the welding torch that injured Plaintiff Zhou. To rule otherwise would allow Plaintiffs to make clashing factual assertions in this case, and then contradict those clashing assertions in a different case. *See Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005) (courts may take judicial notice of "admissions in pleadings and other documents in the public record filed by a party in other judicial proceedings that contradict the party's factual assertions in a subsequent action.") (citation and quotation omitted).

## IV.   CONCLUSION

Consistent with the foregoing, Defendant The Lincoln Electric Company's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) is hereby **GRANTED**. Counts Five through Eight of Plaintiffs' Complaint are **DISMISSED with PREJUDICE**. This

product liability case will proceed solely against Defendant J.W. Harris Co., Inc.[5] A follow-up status conference will be set by separate notice.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[5] Should newly-discovered evidence indicate that The Lincoln Electric Company actually played a role in the design or manufacture of the welding torch, the Court will entertain a motion to reconsider its ruling.